Filed 6/13/24  P. v. Hooper CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH COLIN HOOPER,<br><br>    Defendant and Appellant. | A168470<br><br>(Humboldt County Super. Ct. Nos. CR2103112A, CR2301470) |

Defendant Kenneth Colin Hooper's appointed appellate counsel filed a brief asking this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  He informed Hooper of his right to file a supplemental brief, which Hooper has not filed.

After conducting an independent review of the record, we found no appellate issues requiring further briefing, except that we directed the parties to file supplemental briefs as to whether the trial court improperly sentenced Hooper to a concurrent term of three years for count 1 in case number CR2301470 rather than a concurrent term of two years as the parties had agreed to in a negotiated disposition of the case, and which the trial court had accepted.  Hooper filed a supplemental brief arguing that the concurrent three-year sentence was improper, whereupon we issued an order stating our tentative view that the sentence should be vacated and the case remanded to

1

the trial court for imposition of the concurrent two-year sentence and modification of the abstract of judgment. In their respondent's brief, the People concur that the sentence should be vacated and the matter remanded for resentencing consistent with the terms of the parties' plea agreement. We adopt our tentative view and otherwise affirm the judgment.

## I. BACKGROUND

### A. *Case Number CR2103112A*

In October 2021, the Humboldt County District Attorney filed a complaint against Hooper charging him with felony possession of a firearm, a nine-millimeter pistol, by a felon, Hooper having been previously convicted of a felony in April 2011. The district attorney also charged him and Marissa Faye Hooper with misdemeanor unlawful manufacture or assembly of a firearm, a nine-millimeter pistol (Pen. Code, § 29180, subd. (a)[1]; count 2); felony possession for sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11378; count 3); and felony child abuse (§ 273a, subd. (a); count 4). The district attorney specially alleged that Hooper was previously convicted of four felonies within the meaning of section 1203, subd. (e)(4), which prohibits the grant of probation except in unusual cases in which the interests of justice would be best served.

In February 2023, the parties agreed to a negotiated disposition of the case. Hooper would plead guilty to possession of a firearm as a felon (count 1) and possession of methamphetamine for sale (count 3). Counts 2 and 4 would be dismissed with Hooper waiving his rights under *People v. Harvey* (1979) 25 Cal.3d 754, 758–759, thereby allowing consideration of these charges at sentencing. It was also agreed that Hooper would receive probation and

---

[1] Undesignated statutory references are to the Penal Code.

serve no more than 180 days in county jail, and that Marissa Faye Hooper would plead guilty to child abuse as a misdemeanor.

The court accepted the plea agreement and Hooper's guilty pleas to counts 1 and 3, found a factual basis for his guilty pleas based on the prosecutor's unopposed statement about the available evidence, found Hooper guilty of counts 1 and 3, and dismissed counts 2 and 4. Finding that the aggravating factors outweighed the mitigating factors, it sentenced Hooper to an upper term of three years in state prison for his count 1 conviction and a concurrent three-year term for his count 3 conviction, suspended execution of sentence, and placed Hooper on supervised probation for two years subject to various conditions, including that he serve 90 days in county jail. It imposed various fines and fees, stayed the parole revocation restitution and probation revocation fines imposed, prohibited Hooper from owning or possessing a firearm or firearm ammunition, and awarded him a total of four days of custody and conduct credits.

On May 17, 2023, the probation department petitioned to revoke Hooper's probation. It alleged he had violated probation by "being arrested with over a quarter pound of methamphetamine and live ammunition which could be used in a firearm." It recommended the court revoke probation and order him to serve his three-year sentence and pay a $600 probation revocation restitution fine. Hooper admitted to violating probation, the court imposed the recommended sentence, and it awarded him 100 days of custody and conduct credits.

### B. *Case Number CR2301470*

On May 17, 2023, the Humboldt County District Attorney filed a felony complaint against Hooper charging him with possession for sale of a controlled substance, methamphetamine, on or about May 13, 2023 (Health & Saf. Code, § 11378; count 1) and felony possession of ammunition although

prohibited from ownership or possession of a firearm because of seven prior convictions (§ 30305, subd. (a)(1); Welf. & Inst. Code §§ 8100, 8103; count 2). The district attorney also alleged six aggravating circumstances.

On May 30, 2023, the parties agreed to a negotiated disposition in which Hooper would plead guilty to count 1, the possession of methamphetamine charge, and would receive a two-year sentence to be served concurrent to the three-year sentence imposed in case number CR2103112A. Count 2 would be dismissed.

The court accepted this plea agreement and Hooper's guilty plea to count 1, found a factual basis for his plea based on the prosecutor's unopposed statement about the available evidence, found Hooper guilty of count 1, and dismissed count 2. However, it subsequently sentenced Hooper to a *three-year* concurrent sentence for count 1, despite indicating this was "the stipulated sentence."

In each case, Hooper filed a timely notice of appeal from matters occurring after his guilty pleas that did not affect the validity of the plea.

## II. DISCUSSION

According to our Supreme Court, "[a] plea bargain is a negotiated agreement between the prosecution and the defendant by which a defendant pleads guilty to one or more charges in return for dismissal of one or more other charges. [Citation.] The agreement must then be submitted to the trial court for approval. The court must tell the defendant that the court's acceptance of the proposed plea is not binding, that the court 'may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval,' and that if the court does withdraw its approval the defendant may withdraw the plea. (§ 1192.5.) Thus, ' "[j]udicial approval is an essential condition precedent to the effectiveness of the

'bargain' worked out by the defense and prosecution." ' [¶] Because a negotiated plea agreement is in the nature of a contract, 'it is interpreted according to general contract principles.' [Citation.] *The trial court's approval of the agreement binds the court to the terms of the plea bargain, and the defendant's sentence must be within the negotiated terms.*" (*People v. Martin* (2010) 51 Cal.4th 75, 79, italics added.)

Here, the trial court accepted the parties' plea agreement in case number CR2301470, which called for the imposition of a two-year sentence for count one, to run concurrently with the three-year sentence imposed in case number CR2103112A. At sentencing, the trial court indicated it was sentencing Hooper on this count one according to the "stipulated sentence," an apparent reference to the parties' plea agreement, but it then imposed a concurrent sentence of three years rather than two years. Under *People v. Martin*, this was error, even if, as the record suggests, it was inadvertent. The sentence was unauthorized.

## III. DISPOSITION

We affirm the judgment; except we vacate the concurrent three-year sentence the trial court imposed for count 1 in case number CR2301470. We remand to the trial court with the instructions that it impose a two-year term for that count, to be served concurrent to the three-year sentence in case number CR2103112A, modify the abstract of judgment accordingly, and forward a copy of it to the California Department of Corrections and Rehabilitation.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

5